UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GRIMES CONTRACTING, INC.,**
a Florida Corporation and
**JEFFREY DYSON, an individual,**

    Plaintiffs,

vs.                                               Case No.: 3:08-cv-965-J-16MCR

**GRIMES UTILITIES, INC.,** a
**Florida corporation, and**
**RICHARD S. GRIMES, an individual,**

    Defendants.
_____/

## ORDER

       This is a trademark infringement and unfair competition case filed under the Lanham Act, § 1125(a). On October 30, 2008, the parties presented oral arguments on Plaintiffs' Motion for Preliminary Injunction (the "Hearing"). On January 13, 2009, the Court issued an Order (Dkt. 51, the "Injunction Order") denying Plaintiffs' Motion for a Preliminary Injunction. (Dkt. 7). Prior to the issuance of the Injunction Order, Plaintiffs filed Supplemental Declarations of Jeffery Dyson and Shane Adair Regarding Confusion and Evidence of the Issuance of an Underground Contracting License (Dkts. 41-45 and 49, the "Supplemental Filings") with the Court. Defendants filed a Motion to Strike or in the Alternative Time to Respond to the Supplemental Filings (Dkts. 46 and 47, collectively, the "Motion to Strike"). Plaintiffs opposed the relief requested in the Motion to Strike.

       Defendants ask the Court to strike the Supplemental Filings or, in the alternative, delay the issuance of an order on the preliminary injunction to allow them forty-five days to conduct discovery and file a response. Defendants claim that the Supplemental Filings violate Local Rule 4.06(b)(2), which provides that all papers and affidavits upon which the moving party intends to rely must be

made at least five (5) full days prior to the preliminary injunction hearing. Plaintiffs respond that the Motion to Strike should be denied because the events that occurred happened after the Hearing and there is an exception to Local Rule 4.06(b)(2) that allows the Court to hear pertinent evidence even after the Hearing.

As noted above, the Court already issued its Injunction Order, so any relief requested about that is moot. Defendants are correct about the Local Rule and Plaintiffs are correct about the exception. However, both these arguments are also moot. First, had Plaintiffs wanted the Court to consider the Supplemental Filings, they should have filed a motion to that effect. Here, the Court did not consider the Supplemental Filings when issuing its Injunction Order. Second, as noted in the Injunction Order (Dkt. 51), the Court based its denial of Plaintiffs' Motion for Preliminary Injunction on Plaintiffs' failure to demonstrate that they are the owners of the trademarks (or service marks) in question. The Court never reached the issue of "confusion" addressed in the Supplemental Filings.

Thus, for the above reasons, the Motion to Strike (Dkts. 46 and 47) is **DENIED as MOOT**. The Court will not strike the Supplemental Filings. (Dkts. 41-45 and 49). The parties will have the ability to conduct discovery during the period designated in the forthcoming Case Management and Scheduling Order and any discovery disputes that arise can be settled then.

**DONE and ORDERED** in Jacksonville, Florida this 9th of February, 2008.

Copies to: Counsel of Record

JOHN H. MOORE II
United States District Judge